Ewing, C. J.
We are moved in this case to quash a writ of eertiorari, which has brought here a decree of tho Orphans’ Court of the county of Somerset, revoking, so far as related to the person of the ward, letters of guardianship of the person and estate of David Voorhecs. granted by that court in the year 1819$ because, as stated by the court in their decree, “the custody of the person of the said infant had until lately been committed by the said guardian to the mother of the said infant, and the said mother was desirous of retaining the possession of tho person of the said infant, and had always treated him with the kindness and affection of a mother, and was together with her present husband, Henry M'Coim, perfectly competent to the proper bringing up of the said infant, and the said John D. W. Tenbrook, the guardian, had without any good or proper causo shewn, taken the said ward from his mother, and refused to re store him.”
The ground on which the motion is rested, is, that a writ oí •uertiotari will not lie, to remove here such decree of revocation, and that an appeal should have been taken to the Prerogative Court,
*334 In the 33d section of the act respecting the Prerogative and Orphans’ Courts, Rev. Laws 787, it is enacted that “ all final sentences or decrees of the Orphans’ Courts in the several counties of this state, where no appeal is given to the Prerogative Court, shall be subject to removal by certiorari, into the Supreme Court.” Hence it is seen that, our topic of inquiry is, whether an appeal from the present decree is given, inasmuch as if not given, a certiorari may, by the express terms of the act, be sued out.
The Prerogative Court and the Orphans’ Court, are tribunals created by statute;, and their jurisdiction, so far at least as respects the subjects of it, is special and limited. We are then to look into the statute to learn their jurisdiction, and, especially in consequence of the phraseology of the section just cited, to ascertain whether in any specified case an appeal is given.
The first section declares that “ the authority of the Ordinary shall extend only to the granting of probates of wills, letters of administration, letters of guardianship, and to the hearing, and finally determining of all disputes that may arise thereon.” The second section directs him to hold a Prerogative Court at stated times, “ when he shall hear and finally determine all causes that shall come before hitn, either directly, or by appeal from any of his surrogates, or the Orphans’ Court.” The 6th section, declaring the jurisdiction of the Orphans’ Court, gives them “ full power and authority to hear and determine all disputes and controversies whatsoever, respecting the existence of wills, the fairness of inventories, the right of administration and guardianship, and the allowance of the accounts of executors, administrators, guardians, or trustees, audited and stated by the surrogate, and all other waiters and things hereinafter submitted to their determination.” The general terms of these sections have never been supposed or construed to give jurisdiction of appeal from«/¿ decrees of the Orphans’ Court; and among other reasons it may be presumed, because an appeal is not in either section expressly given or recognised ; because in the subsequent sections, in some specified cases, the appeal is given in express terms; and because from the language of the whole act, it is abundantly manifest, that the legislature did not design to subject all decrees of the Orphans’ Courts to appeal, but to give the appeal from some, and to subject others to removal by certiorari, Agree *335 ably to this view of the matter, it has been held that the decree of the Orphans' Court on the settlement of the accounts of executors or administrators is not subject to appeal, but to removal by certiorari, Sulard v. Smalley, before Governor Williamson, July 1824; the State v. Mayhew, 4 Halst. 75. In Eldridge v. Lippincott, Coxe 397, an appeal to the governor from a decree of the Orphans’ Court, appointing a guardian, was dismissed for want of jurisdiction ; the act of 1784, in force when that case was decided, although containing these same general sections which have been cited, not giving in express terms an appeal from the granting of letters of guardianship.
The-7th section of the act of 1820, Rev. Laws 777, authorizes the Orphans’ Court, if a guardian has embezzled, wasted or misapplied the estate, or shall neglect or refuse to give further security when required, to revoke or repeal the letters of guardianship j but nothing is said in respect to an appeal from the sentence or decree of revocation. Again, in the 9th section, the Orphans’ Court are authorized to revoke letters of guardianship, where, at the instance of a surety in the bond, it is made to appear that the guardian has embezzled, wasted, misapplied or mismanaged the estate; and as in the former section no appeal is, in terms, given.
The 27th section transfers to the Orphans3 Courts, “ the powers and duties formerly exercised and performed by the Ordinary relative to the admission of guardians,” or more correctly speaking gives them concurrent jurisdiction in such cases with the Ordinary. In this section an appeal is expressly given from the Orphans’ Court to the Prerogative Court. And it has been strenuously insisted, in the argument at the bar, that under this section, the general power of revocation of guardianship is vested in the Orphans’ Courts. I have been disposed to exercise great latitude in the construction of this section and to find here, if possible, the power of revocation, for the sake of the appeal. I am, however, compelled to believe, that the power of revocation of letters of guardianship is not given directly or impliedly by that section. The powers and duties there spoken of are “ relative to the admission of guardians.” Now the term, admission, is of plain and certain import, and can justly, by no means bo made to comprehend a revocation, Moreover, these powers and duties stay he exercised in she county whore the minor t ©sides. *336 or has real or personal estate; and if therefore, one of these powers is that of revocation, the very unsafe and inadmissible conclusion follows, that the letters of guardianship may be granted in one county and the revocation take place in another; for after the admission, the ward may remove to and reside in another county or may have there real or personal estate. If then the power of revocation is not comprehended in this section, it is not subjected thereby to the appeal which is provided; an appeal is not thereby given.
On the argument at the bar, it was earnestly insisted and forcibly argued, that the Orphans’ Court have a general jurisdiction to revoke letters of guardianship, not confined merely to the cases expressly specified in the act, but embracing all cases where a revocation is legal and proper. For the occasion, without intimating any opinion of the correctness of the position, let it be admitted. The conclusion by no means follows, that because a power to pronounce a-decree of revocation exists in the court, such decree is subject to an appeal. If, indeed, this power were derived from the 27th section, the conclusion would be sound. But, if from other parts of the statute, from the language of the general sections, or from inference that as the power is not elsewhere expressly vested, it must be held by the body which has the authority to create or admit the guardian, then the appeal does not. necessarily attach 5 for we have already seen that all sentences or decrees are not subject to appeal, and such only are, as have the appeal expressly given or attached to thejm.
In the course of the argument the case of Little’s will was mentioned. The surrogate having proceeded to prove the will within ten days from the decease of the testator, an appeal was made to the Prerogative Court, and the letters testamentary were set aside. It may suffice in reference to this case, to remark that all proceedings of surrogates, not brought before the Orphans9 Court, are expressly made subject to an appeal to the Prerogative Court. Rev. Laws 783, sect. 21.
Inasmuch, then, as 1 do not any where find in the statute an appeal given from a decree of revocation of letters of guardianship, I am irresistibly led to the conclusion that such decree is subject to removal by certiorari.
In the notes to the article “New-Jersey” in Griffith’s Register, 098, the opinion of the editor is expressed in the following *337 manner. After stating the smses in which an appeal may ho made he says, !! In all the other cases in which a special jurisdiction is giyen to the.Orphaus3 Court undor the act of June 13, 1820, such as decreeing farther security to be given by administrators or guardians, or revoking their letters, and on complaint under the 8tb, 9th and 10th sections, and upou the 12th, 13th, 19th and 20th relative to the division and salo of lands; and apon the 30th respecting the. final allowance of accounts ; in all these instances being in no wise the subject of the Ordinary’s jurisdiction, as defined by the statute, nor any appeal given to him, the remedy after filial sentence or decree of the Orphans’ Comí, is by certiorari out of the Supreme Court.” I make no apology, here, for this citation. Abroad, this work is referred to with confidence, and at homo tho known erudition of tho editor, and his long experience in tho office of surrogate, entitle his opinion, on this subject, to respectful attention.
Finding tho certiorari, in this ease, sustained by the act of the legislature to which, at the outset of my opinion, 1. have referred, I have not examined how far it may he supported, independent of that act, by tho general jurisdiction of this court over inferior' tribunals of statutory erection.
The other Justices concurred.
Motion to quash overruled.